**CONCORD REALTY CORP'N and IOWA MUTUAL LIABILITY IN-
SURANCE COMPANY, v. ERNEST ROMANO and FLORIDA
INDUSTRIAL COMMISSION.**

30 So. (2nd) 495                                January Term, 1947
May 20, 1947                                    Special Division B

*McKay, Dixon & DeJarnette,* and *A. Lee Bradford,* for
appellants.

*Allen Clements* and *Walter Rountree,* for appellees.

KANNER, Associate Justice:

This is a consolidated appeal from the Circuit Court by
an employer and carrier from two orders of the Florida In-
dustrial Commission, one from an order affirming the award

on the merits, and the other on the ruling of the Commission that the Deputy Commissioner was without jurisdiction to modify his original award while the cause was then pending on appeal in the Circuit Court.

Appellee suffered a serious accidental injury to his foot, which arose out of and in the course of his employment. The Deputy Commissioner found that appellee had been temporarily totally disabled on the date of the accident, March 20, 1945, and ordered that he be paid on such basis. This was done until May 19, 1945, when the attending physician estimated that the maximum recovery had been reached and also estimated the permanent partial disability of the injured foot at 25% and, in consequence of which, appellants have refused to recognize the temporary total disability rate ordered to be paid.

Appellants contend that since such injury was only to the foot, which had reached maximum recovery without an operation, and this member was estimated at 25% to 33 1/3% permanently injured, which permanent disability probably would diminish if an operation were had, that this precluded a finding of temporary total disability.

The evidence discloses that though the injury was to the appellee's foot, the effect of it extended to the whole body, due to an injured nerve which had never been repaired.

Where the injury produces such result, and the injured person is so incapacitated that he cannot engage in any kind of employment and is thereby prevented from earning a livelihood, he is entitled to temporary total disability compensation.

Under Workmen's Compensation, Section 440.02, sub-section 9, F. S. 1941, the definition of "disability" is given as follows:

" 'Disability' means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury."

On pages 828 and 829, 71 C. J. "temporary total disability is defined:

"Temporary total disability within the meaning of provisions allowing compensation therefor is the healing period,

or time during which claimant is, by reason of his injury, unable to work, the period during which claimant is unable to work and is totally disabled and recovery is reasonably expected; and he is entitled to compensation for the period of the disability caused by the injury, whether resulting from a schedule injury or one not specifically provided for, where the statutory limit is not exceeded, but not for a period of incapacity thereafter caused by disease."

Appellants complain about the refusal of the appllee to submit to a tendered operation. If such refusal is unreasonable, that is a matter that should be presented to the commission for determination, where the parties can be heard upon the issue. For if it is shown that the appellee unreasonably refuses a tendered operation, which, if successful, would remove the cause of his general disability and confine this disability to the functions of the foot, then a different situation is presented. As was stated by the Circuit Court when unholding the Commission's award, it had assumed that appellants had tendered an operation, but this had nothing to do with the case, since there was no evidence or finding as to whether appellee had been unreasonable in failing to submit to an operation. The Circuit Court did not commit error when it sustained the award on the merits.

The ruling of the Commission on the Deputy Commissioner's order modifying the original award was affirmed by the Circuit Court without prejudice to appellants. In this, there was no error.

The orders of the Circuit Court are hereby affirmed.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.