ADKINS, Justice.
By petition for writ of certiorari, we are asked to review an order of the Florida Industrial Relations Commission, which by split two-to-one vote affirmed the order of the Judge of Industrial Claims, denying award of attorneys’ fees for certain benefits awarded the claimant-petitioner herein.
Two issues are before this Court. The first is whether an employer must pay claimant’s attorneys’ fees under Fla.Stat. § 440.34(1), F.S.A., where it originally controverts the claim, but after the claim is refiled commences payment within the time limits contemplated by Fla.Stat. § 440.- *386 34(1), F.S.A. The second issue is whether attorneys’ fees can be found due for work done in prosecuting the first claim which is dismissed without prejudice under Industrial Relations Commission Rule 3, and after a second claim is filed compensation is paid within the 21 days contemplated by Fla.Stat. § 440.34(1), F.S.A.
The trial judge concluded that since the employer began paying benefits within 21 days from filing of the refiled or second claim, attorneys’ fees were not authorized for this portion of benefits secured. Petitioner contends that since the employer filed notice to controvert the first claim, which was dismissed without prejudice, that attorneys’ fees should be paid. Both points are controlled by the language of Fla.Stat. § 440.34(1), F.S.A., which states:
“If the employer or carrier shall file notice of controversy as provided in § 440.20, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorney’s fee, to be approved by the commission * * (Emphasis supplied.)
The decision of the Industrial Claims Judge was appealed to the Industrial Relations Commission, which affirmed. Petitioner asked us to take jurisdiction and issue writ of certiorari pursuant to Fla.Stat. § 440.27(1), F.S.A., and Fla.App.R. 4.5(c), 32 F.S.A.
In the present case, the original claim stated:
“The claimant was injured in Dade County by accident arising out of and in the course of his employment with the employer herein'on March 5, 1967, when he injured his neck and right shoulder and arm while pulling hose.”
The employer took the position that no work-related, compensable injury had occurred.
After additional proceedings, the employer moved to dismiss the claim under Industrial Relations Commission Rule 3, which in pertinent part provides as follows:
“If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the judge of industrial claims on the evidence which has been submitted.”
and under Rule 11, which provides that failure to comply with Rule 3 is grounds for dismissal of the action. The Judge of Industrial Claims dismissed the claim without prejudice. This Court previously has held that such a dismissal is not an adjudication on the merits. Florida Telephone Corporation v. Oliver, 126 So.2d 885 (Fla.1961).
Immediately thereafter, counsel for the claimant refiled, contending that the claimant
“[W]as injured on or about March 5, 1967, while employed as a Fireman for the City of Miami and was engaged in pulling hose while on duty. * * * As result of this accident he sustained serious injuries to his neck and arms.”
As is clear, these allegations are almost identical to those contained in the first claim, which was controverted by the employer. When the second claim was filed, the employer within 21 days conceded that the injury had occurred, and commenced payment of benefits for 20 per cent permanent partial disability; the employer resisted payment of attorneys’ fees, on grounds it had complied with Fla.Stat. § 440.34(1), F.S.A., which provides that attorneys’ fees may be awarded if the employer declines to pay within 21 days. The record shows that the claimant did not change factual position from the first to the second claims, but that the employer did change position by first denying bene *387 fits were due and subsequently agreeing that they were.
It is the conclusion of this Court that Fla.Stat. § 440.34(1), F.S.A., is designed to expedite payment of benefits under valid claims for compensation, by allowing attorneys’ fees to claimants in cases when employers unjustifiably resist payment. It is also the conclusion of this Court that Rule 3 is designed to expedite settlement of claims by establishing limitations after which claims which are not prosecuted shall be terminated. However, where benefits are claimed on a set of facts, and the employer first denies and then concedes that benefits are due, and where attorneys’ fees ordinarily would be awarded, it is not equitable to cut off entitlement to attorneys’ fees under Rule 3, for work done which contributed directly to ultimate settlement of the case. This is especially true where the original and refiled claims are substantially identical. A different result would be proper in those cases where the second claim contains different allegations from the first, and in which a decision by the employer that benefits were due would not represent a reversal of employer’s position. In other words, an attorney is entitled to fees for work actually and reasonably necessary to prove his client’s case, and Rule 3 should not be applied to cut off award of attorneys’ fees otherwise proper. Rule 3 is not intended to penalize, as is shown by the fact that Rule 3 dismissals are without prejudice and are entitled to be timely refiled; the rule was intended to expedite processing of justified claims and to eliminate from the dockets of the Industrial Claims courts those claims not being prosecuted. In fairness, the right to refile a valid claim after a Rule 3 dismissal must be deemed to include the right to be awarded reasonable attorneys’ fees for the successful prosecution of the claim.
The decision of the Industrial Relations Commission is quashed, and this cause is remanded to the Industrial Relations Commission for further consideration and determination of the amount of attorneys’ fees due for representation before the Judge of Industrial Claims and on appeal to the Commission.
It is so ordered.
ERVIN, C. J., and ROBERTS and Bp YD, JJ., concur.
DREW, J., dissents with opinion.