PER CURIAM.
Appellee was awarded workmen’s compensation benefits for his fifty percent permanent partial disability of the body as a whole based upon a diminution of wage earning capacity. Appellee also received temporary total disability benefits from October 9, 1975, until May 24, 1979.
Appellant alleges as appellee’s wage earning capacity and temporary total disability benefits were not substantiated by competent and substantial evidence, appel-lee should only be allowed to recover his lower anatomical rating of twenty-five percent. Appellant further asserts appellee’s temporary total disability benefits awarded from April 6, 1976 through May 5, 1977, should be eliminated as appellee was employed full-time during that period. We agree.
Pursuant to F.S. 440.15(3)(u), disability is defined as either physical impairment or diminution in wage earning capacity, whichever is greater. However, if permanent disability in excess of the physical impairment is claimed, claimant must not only establish that loss of wage earning capacity exceeds anatomical disability by competent and substantial evidence but must test such wage earning capacity in the open labor market by a good faith work search, after MMI has been reached. Exxon v. Alexis, 370 So.2d 1128 (Fla.1978) and Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975).
In the instant case, we do not find appel-lee’s actions of calling a prospective employer amount to an adequate job search. Accordingly, appellee should be limited to workmen’s compensation benefits based upon his anatomical disability rating.
Furthermore, as appellee worked full-time from April 6,1976 to May 5,1977, temporary total disability benefits for this period of time should be eliminated. Concord v. Romano, 159 Fla. 1, 30 So.2d 495 (1947).
The order is hereby reversed to the issues raised by appellant on appeal and the case remanded to the judge of industrial claims for proceedings consistent with this opinion.
MILLS, C. J., and ERVIN and SHIVERS, JJ., concur.