JOANOS, Judge.
In this worker’s compensation appeal, the employer and its carrier contest the deputy commissioner’s finding that the claimant was temporarily totally disabled (“TTD”) for a period of three months following the date of claimant’s work-related accident. We agree with the employer that the deputy erred, as a matter of law, in awarding TTD benefits.
While working as a mason’s assistant on July 27, 1979, the claimant broke out in a severe rash on his hands, forehead and back which the parties stipulated was caused by exposure to cement mix. The claimant received treatment for the rash at the emergency room and returned to work a week after the initial outbreak. He worked for about a week before he was laid off for non-accident related reasons, but his rash worsened and required another visit to the emergency room. Thereafter, the claimant applied for one job at a construction site but was not hired. In November the claimant started work again doing odd jobs and “cleanup work.”
Besides the two emergency room visits, the record does not reflect any other medical examination until October 17,1979 when the claimant was seen by Dr. Kohen, an allergy specialist. The doctor testified that the claimant’s rash was healed when he first saw the claimant. Although the claimant went to Dr. Kohen again on October 26, 1979, the record indicates that each of these visits was for the purpose of diagnosis, not treatment.
The deputy’s award of TTD is erroneous in two respects. First, she awarded TTD through a period of time when the claimant was working. It is illogical to conclude that a claimant is totally disabled during a period of time when the evidence shows that the claimant could and did work. Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979); Westinghouse Electric Corp. v. Williams, 379 So.2d 1032 (Fla. 1st DCA 1980). As a second ground for reversal, the record indicates that the deputy found the claimant to be TTD even when he was not suffering the effects of the rash. TTD is defined as the healing period during which the claimant is by reason of the injury totally disabled and unable to work. Concord Realty Corp. v. Romano, 159 Fla. 1, 30 So.2d 495 (Fla.1947). According to Dr. Kohen’s uncontradicted testimony, the claimant’s rash was healed by the time that the claimant came to the doctor on October 17, 1979; an award of TTD past that date could not be based on competent, substantial evidence.[1]
As a final point, the employer correctly points out that reversal of the award of benefits will also require the deputy to reconsider the attorney’s fee award on remand. Sue Ann’s Capri Lounge v. Harhalos, 377 So.2d 989 (Fla. 1st DCA 1979).
REVERSED and REMANDED for reconsideration consistent with this opinion.
ERVIN and BOOTH, JJ., concur.

. The employer also argued that even assuming that the claimant was temporarily totally disabled, the award of TTD was calculated incorrectly because no credit was given for a stipulated amount of TTD already paid or for the salary the claimant earned while working. The claimant conceded error on this point and we agree that the calculation was erroneous. This issue has been superseded, however, since we are requiring the entire TTD award to be reconsidered on remand.