MILLS, Chief Judge.
We reverse the order of the Judge of Industrial Claims insofar as it makes an award for temporary total disability from 24 August to 1 November 1978. Additionally, we reverse the amount of the award of attorneys fees and costs and remand for reconsideration in light of our ruling here.
The relevant facts are that James Walker, a route salesman for a dairy, was injured in a compensable accident on 4 November 1977. He returned to work and in February 1978 the company moved him to the position of assistant dispatcher so that he would not have to do heavy lifting. In July of 1978, surgery was necessary as a continued result of the compensable accident. On 23 August 1978, the doctor released Walker to return to work and he contacted his employer and was told that the job as assistant dispatcher was filled and they had no other work for him. The date of maximum medical improvement was found to be 1 November 1978 and is not challenged here.
Walker presented evidence of a job search, testifying that he had looked for work at at least 12 different places. He presented a witness from Orlando Upholstery who stated that all of the jobs that were available required lifting and that those jobs were not within Walker’s physical limitations. In addition, a witness from Florida Bumper Sales testified that the job required lifting bumpers and that he let Walker attempt to lift the bumpers but he had to rest too much and the witness was unable to hire him. Walker stated that he sought jobs other places, including places that had sales jobs that did not have heavy lifting, and he was unable to obtain work.
Based on these facts, we believe there was competent substantial evidence to sup *254 port the Deputy Commissioner’s finding that Walker suffered a 40% permanent partial disability of the body as a whole based on a loss of wage earning capacity. The potential employers specifically testified that their failure to hire Walker was based on his physical condition caused by the com-pensable accident. Walker’s own testimony concerning his attempt to find sales positions that did not involve heavy lifting supports a finding that he did seek work within his physical limitations as required by Mahler v. Lauderdale Lakes National Bank, 327 So.2d 507 (Fla.1975).
Because of our disposition of the issue concerning the loss of wage earning capacity, we need not and we do not rule here on whether there was competent substantial evidence to support a finding of merger. The loss of wage earning capacity found exceeded the impairment ratings given by both physicians.
Appellant contends that there was error in the award of temporary total disability benefits from 2 July 1978 to 1 November 1978. We agree. First, we note a technical error in the claim by appellant in that the subject award began on the twelfth of July, not the second. Second, as to the ending date for the period of temporary total disability we believe, and the appellant concedes, that there is competent substantial evidence to support an award of temporary total disability until 23 August 1978. On that date the physician released Walker to return to work and he attempted to do so, but was unable to return to his prior employer because his prior position had been filled and there was no other work for him. There is no evidence that Walker made any other effort to find work at that time even though he affirmatively stated that he could and would have worked.
Temporary total disability is a healing period during which the claimant is totally disabled and unable to work due to his injury. Concord Realty Corp. v. Romano, 159 Fla. 1, 30 So.2d 495 (1947); Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979). Although maximum medical improvement was not reached until 1 November 1978, there is no automatic relationship between temporary total disability and the achievement of maximum medical improvement. The key is the capacity to return to work. See National Airlines v. Rowley, IRC Order 2-2817 (July 17, 1975); Depree Construction Corp. v. Robertson, IRC Order 2-2685 (August 9, 1974), Cert, denied 312 So.2d 739 (Fla.1975). Accordingly, we reverse the award of temporary total disability benefits for the period after which the doctor released Walker for return to work and Walker indicated his ability to do so, 24 August, until the date of maximum medical improvement, 1 November.
Appellant also contests the award of attorneys fees based on the date of the initial claim, urging that since the first claim was voluntarily dismissed, it was not successfully prosecuted. Section 440.34, Florida Statutes (1977), provides that the attorney’s fee is due when the claimant has employed an attorney in the successful prosecution of a claim and only the second claim was successfully prosecuted. This contention is without merit. In Schollenberger v. City of Miami, 241 So.2d 385 (Fla.1970), the Supreme Court reviewed a factual situation similar to the one here where the re-filed claim was substantially identical and ruled as follows:
However, where benefits are claimed on a set of facts, and the employer first denies and then concedes that benefits are due, and where attorneys’ fees ordinarily would be awarded, it is not equitable to cut off entitlement to attorneys’ fees under Rule 3, for work done which contributed directly to ultimate settlement of the case. This is especially true where the original and refiled claims are substantially identical. A different result would be proper in those cases where the second claim contains different allegations from the first, and in which a decision by the employer that benefits were due would not represent a reversal of employer’s position.
We affirm the entitlement to attorneys fees based on Schollenberger, supra.
*255 Since the award for temporary total disability is reversed in part, the amount of attorneys fees and costs must also be reversed and remanded for reconsideration in light of our disposition of the case. The order is affirmed in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.
McCORD and THOMPSON, JJ., concur.