PER CURIAM.
Employer/carrier appeal a worker’s compensation order which awarded claimant temporary total disability benefits, permanent partial disability benefits, future palliative medical treatment, hospitalization expenses, statutory penalties, and attorney’s fees. We affirm in part and reverse and remand in part.
Employer/carrier contend the deputy commissioner erred in awarding claimant temporary total disability benefits from the date of his accident, October 20, 1978, until the date of maximum medical improvement, November 6, 1979, with credit for all compensation or wages paid during this period of time. Employer/carrier argue, in part, that this award was erroneous because the evidence shows that claimant was working full-time from November 14, 1978 until March 4,1979, and received full wages until April 15, 1979.
Temporary total disability is the healing period during which a claimant is by reason of the injury totally disabled and unable to work. Concord Realty Corp. v. Romano, 159 Fla. 1, 30 So.2d 495 (Fla.1947). It is error to find entitlement to temporary total disability benefits during periods where the claimant is working full-time in non-sheltered employment. Cling Electric, Inc. v. Jones, 376 So.2d 481 (Fla. 1st DCA 1979); Westinghouse Electric Corp. v. Williams, 379 So.2d 1032 (Fla. 1st DCA 1980); Standard Construction & Associates v. Kinsler, 394 So.2d 1083 (Fla. 1st DCA 1981) [1981 FLW 568]; MJM Construction Co. v. Roberts, IRC Order 2-3387 (March 31, *854 1978). The evidence here fails to support claimant’s entitlement to temporary total disability benefits from November 14, 1978 until March 4, 1979. Further, it was error to order the carrier to pay claimant temporary total disability benefits from March 4, 1979 until April 15, 1979 since the payment by the employer of claimant’s full salary during such period of time exceeds the requirements of the Worker’s Compensation Law. Brevard County Board of County Commissioners v. Brubaker, IRC Order 2-2682 (July 9, 1974), cert, denied, 312 So.2d 760 (Fla.1975). We find no error in the award of temporary total disability benefits from April 15, 1979 until the date of maximum medical improvement, November 6, 1979, since this award is supported by substantial competent evidence.
We have considered the numerous other issues raised by employer/carrier and find no reversible error. Accordingly, that portion of the order awarding temporary total disability benefits from November 14, 1978 until April 15,1979 is reversed and remanded for further consideration consistent herewith. All other portions of the appealed order are affirmed. .
AFFIRMED in part and REVERSED in part.
ERVIN, BOOTH and JOANOS, JJ., concur.