399 So.2d 1135 (1981)
Joseph PEARSON, Appellant,
v.
CITY OF MIAMI BEACH and Risk Management Services, Inc., Appellees.
No. UU-499.
District Court of Appeal of Florida, First District.
June 25, 1981.
*1136 Marvin J. Kristal, North Miami, for appellant.
Richard Hodges, Miami, for appellees.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
In this workers' compensation case, the injured employee, although awarded permanent partial disability equal to the anatomical disability rating of the treating physician, contends that the deputy commissioner erred in failing to award appellant permanent partial disability for a wage-earning capacity loss in excess of the anatomical disability rating.
The relevant portion of the deputy commissioner's order contained the following finding:
"(6) Although claimant submitted into evidence a long list of places where he sought employment over a short span of time, he admitted that there had been no return to work and therefore, no opportunity to test his earning capacity on the open labor market and it is therefore found that his permanent disability on loss of wage earning capacity basis does not exceed his disability on the basis of a physical impairment as evaluated by the treating physician." (e.s.)
While an injured employee, in order to justify an award of compensation for diminution of wage-earning capacity in excess of physical impairment, has the burden of proving that he has made an effort to test his employability in the open labor market after having reached maximum medical improvement, Exxon Company v. Alexis, 370 So.2d 1128 (Fla. 1978), by a good faith work search, Pasco County v. Green, 382 So.2d 798 (Fla. 1st DCA 1980), he is not required to have first returned to work, where, as in this case, there is no evidence of availability of work within the claimant's capabilities.
Appellant offered competent, substantial evidence to establish a loss of wage-earning capacity in excess of the anatomical disability rating, and also evidence that after reaching maximum medical improvement he had applied without success to approximately twenty-two separate employers for work within his physical limitations. The credibility and sufficiency of that evidence to establish a good faith work search on the part of appellant remains a factual matter to be determined by the deputy commissioner upon remand.
That part of the compensation order dated March 20, 1980, pertaining to the claim for loss of wage-earning capacity in excess of physical impairment is reversed, and this cause remanded to the deputy commissioner for further proceedings on that part of the claim including, in the discretion of the deputy commissioner, the taking of further evidence on that issue.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
MILLS, C.J., and WENTWORTH, J., concur.