421 So.2d 703 (1982)
JONES MAHONEY CORPORATION and U.S. Fidelity & Guaranty Company, Appellants/Cross-Appellees,
v.
John HUTTO, Appellee/Cross-Appellant.
No. AK-168.
District Court of Appeal of Florida, First District.
November 9, 1982.
*704 John R. Gierach, Orlando, for appellants/cross-appellees.
Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee/cross-appellant.
THOMPSON, Judge.
The employer/carrier (E/C) timely appeal a workers' compensation order, contending that the deputy commissioner (deputy) erred in awarding temporary total disability (TTD) benefits, in awarding wage loss benefits, and in awarding taxable costs to claimant. We agree with the E/C and reverse on all three points. The claimant argues on cross-appeal that § 440.15(3), Fla. Stat. (1979) is unconstitutional. We affirm the point raised on cross-appeal.
Claimant, a mason and general laborer, suffered a compensable injury on March 5, 1980. Dr. Higgins, claimant's treating orthopedist, said that claimant could return to full employment on September 12, 1980, although he felt claimant could not do cinder block lifting or mason tending at that time. Dr. Lakusiewcz, an orthopedist who only saw claimant in January of 1981, indicated that based on Dr. Higgins' findings, claimant could have returned to light duty in September of 1980. Dr. Higgins found that claimant reached maximum medical improvement (MMI) on December 11, 1980 with a 5% disability. However, Dr. Higgins said that under the American Medical Associations Guides to the Evaluation of Permanent Impairment (AMA Guides) claimant would not have a permanent physical impairment. He said that although you can have a limited range of motion with a fractured humerus, claimant did not. Dr. Lakusiewcz also felt that claimant had a 5% permanent impairment of the upper left extremity. However, he also indicated that based solely on the AMA Guides, claimant would not have a permanent physical impairment rating.
Claimant, whose prior work experience included heavy motel maintenance, masonry, washing dishes, and busing tables, indicated he did not begin to search for work on September 12 because he did not feel his arm could handle mason tending. It is unclear from claimant's deposition testimony and from his hearing testimony exactly when he did commence searching for employment. However, the very earliest he began a work search was early November *705 1980. When he did commence his work search, he only looked for restaurant work. He located a job busing tables around Christmas of 1980, which he subsequently lost for reasons unconnected with his injury. Claimant then conducted another job search and worked as a general laborer until May 16, 1981, when he began doing masonry work.
The deputy awarded claimant TTD benefits from September 12, 1980 through December 11, 1980, and wage loss benefits from December 12, 1980 through May 16, 1981. The deputy also awarded claimant taxable costs.
The deputy erred in awarding claimant TTD benefits from September 12, 1980 through December 11, 1980. Although Dr. Higgins did not feel claimant could do masonry work as of September 12, he did think claimant was capable of working and released claimant to work with certain restrictions on that date. There was no competent substantial evidence that claimant was unable to work as of September 12, 1980. Accordingly, the deputy erred in awarding claimant TTD benefits from September 12, 1980 through December 11, 1980. See Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982).
Claimant was entitled to temporary partial disability (TPD) benefits for total wage loss from the commencement of his work search on November 3, 1980 until he reached MMI on December 11, 1980. The deputy erred in awarding claimant TTD benefits from September 12, 1980 through December 11, 1980, but the deputy's award of benefits for the period November 3, 1980 to December 11, 1980, was erroneous only in designating the compensation award as TTD benefits instead of TPD benefits. We therefore reverse the award of TTD benefits and modify the order to award TPD benefits for total wage loss for the period November 3, 1980 to December 11, 1980. Holiday Care Center.
The deputy also erred in awarding wage loss benefits. The claimant did not demonstrate the existence of a permanent impairment based on the AMA Guides. On the contrary, Dr. Higgins testified that the claimant had no permanent impairment under the AMA Guides. This case does not involve a permanent impairment which is obviously visible and demonstrable to the deputy. Accordingly, the deputy erred in awarding claimant wage loss benefits based on his finding of permanent anatomic impairment. See Rhaney v. Dobbs House, Inc., 415 So.2d 1277 (Fla. 1st DCA 1982); Paradise Fruit Company v. Floyd, No. AF-493 (Fla. 1st DCA August 31, 1982) [7 FLW 1899].
The claimant argues on cross-appeal that § 440.15(3), Fla. Stat. (1979) is unconstitutional. This court held in Rhaney v. Dobbs House, that § 440.15(3) was constitutional.
In conclusion we reverse the award of TTD benefits from September 12, 1980 through December 11, 1980, modify the order to award TPD benefits for total wage loss from November 3, 1980 to December 11, 1980, and reverse the award of wage loss benefits from December 12, 1980 through May 16, 1981.
REVERSED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.