ZEHMER, Judge.
The employer, Shop & Go, Inc., and its carrier, Gallagher Bassett Services, appeal a workers’ compensation order awarding the claimant, Lisa Copeland, temporary total disability benefits, temporary partial disability benefits, medical benefits, and attorney’s fees. Except for the award of attorney's fees, we affirm the order in its entirety. Only two of appellant’s five points on appeal warrant discussion.
The employer and carrier contend that the award of temporary total disability benefits for the periods during which claimant was unemployed following the industrial accident was error because the claimant was not incapable of performing any work for remuneration and, in fact, left jobs she acquired after the accident for reasons unrelated to her compensable injury. We agree that the deputy commissioner mis-characterized the benefits to which claimant was entitled during this period as temporary total disability because the evidence established only that claimant was suffering a temporary partial disability. See Tallahassee Coca Cola Bottling v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). We find no error in the award of temporary wage loss benefits during this entire period, however, because neither the employer nor the carrier advised claimant of her entitlement to workers’ compensation benefits and her responsibility to conduct a good faith job search. See Christian v. Greater Miami Academy, 541 So.2d 701 (Fla. 1st DCA 1989). The deputy properly found that failure to advise claimant of the job search requirement excused her failure to comply with that requirement. See Morris v. Metal Indus., 491 So.2d 312 (Fla. 1st DCA 1986); DeFrees v. Colt and DuMont/Hit Sales, 483 So.2d 848 (Fla. 1st DCA 1986); Dan’s Plumbing v. Smith, 410 So.2d 941 (Fla. 1st DCA 1982). We direct that the order be modified to award temporary partial disability benefits for total wage loss during these periods of unemployment and, as so modified, we affirm the award of these benefits. See Jones Mahoney Corp. v. Hutto, 421 So.2d 703 (Fla. 1st DCA 1982).
The employer and carrier also contend that the deputy erred in awarding claimant “a reasonable attorney’s fee” based on a total controversion of disability *805 benefits for two reasons. They point out that, first, they had previously stipulated to the compensability of the injury, and second, the deputy did not conduct a separate hearing on the specific issue of bad faith. The record before us supports the award of attorney’s fees for bad faith under section 440.34(3)(b), Florida Statutes (1987), and the award appears to be sustainable under, our decision in O.T. Sims & Associates v. Merchant, 435 So.2d 884 (Fla. 1st DCA 1983). However, section 440.34(3)(b) explicitly provides for a separate fact-finding proceeding on the issue of bad faith, and we have repeatedly enforced that provision. See Fleetwood Homes of Florida v. Biagiano, 543 So.2d 459 (Fla. 1st DCA 1989); Haas v. Seekell, 538 So.2d 1333 (Fla. 1st DCA 1989); Baron Transport v. Riley, 526 So.2d 1028 (Fla. 1st DCA 1988). For this reason, we find it necessary to vacate the award of attorney’s fees and remand for a separate hearing on the bad faith issue.
AFFIRMED IN PART AND REVERSED IN PART.
WENTWORTH, J., concurs; NIMMONS, J. specially concurs with opinion.