MINER, Judge.
In this workers’ compensation case we are asked by the employer/carrier (e/c) to review an order by a Judge of Compensation Claims (JCC) awarding temporary total disability (TTD) benefits and penalties. E/c raise the following points on appeal: (1) that the JCC erred in awarding TTD benefits in the absence of medical evidence to support the award; (2) that the JCC erred in accepting the opinion of Dr. Gonzalez as to the causal connection between claimant’s industrial injury and his psychological problems; (3) that the JCC erred in failing to find that claimant had reached maximum medical improvement (MMI) as to his orthopedic problem, and (4) that the JCC erred in awarding penalties. Finding that competent substantial evidence supports the JCC’s determination that a causal relationship exists between claimant’s injury and his psychiatric condition, we affirm on this point. Likewise, under the facts of the case, we find no error in the JCC’s failure to find a MMI date for claimant’s orthopedic problems and affirm on this is *338 sue. We find merit, however, in the e/c’s remaining points on appeal and reverse and remand for further proceedings.
Appellee/claimant, Larry Knight, a fuel truck driver, was injured in a compensable accident on December 7, 1988, when he tripped over a hose as he was loading his truck. Although he felt pain in his back and legs, he continued working until December 12 when appellant/employer, Fleetwing Corporation, referred him to Dr. Ibanez. X-rays revealed a degenerative arthritic back condition for which Dr. Ibanez prescribed medication and released claimant for work with restrictions on lifting and bending.
Since he was not completely satisfied with Dr. Ibanez, claimant requested e/c’s permission to visit his family physician, Dr. Miles. Permission was given and Dr. Miles saw claimant two days after his first appointment with Dr. Ibanez. Dr. Miles diagnosed acute traumatic arthritis, which he causally related to the December 7 injury, and put claimant on light duty.
On December 16, Dr. Ibanez re-examined claimant and, finding no pain or tenderness in claimant’s back, concluded that he had reached MMI without lasting impairment. He released claimant without restrictions after which claimant stopped performing the light duties to which he had been assigned during the week of his treatment, and returned to truck driving.
Dr. Miles saw claimant again on December 22 and, determining that truck driving was having an adverse effect on claimant’s back, subsequently requested the e/c to return Knight to light duties. On January 25, 1989, claimant asked for reassignment to light duties, was refused, and did not work for e/c thereafter.
On February 15, 1989, Knight filed a claim for TTD and/or temporary partial wage loss (TPD); wage loss or permanent total disability (PTD) benefits after MMI; medical expenses; and penalties, interest, costs and attorney’s fees. Apparently, e/c did not file a notice to controvert the claim. On the day following the filing of his claim, Knight began earning between $32 and $152 per week selling peanuts from a roadside stand.
After his accident, claimant became increasingly depressed and irritable. On March 9, 1989, his attorney referred his to Dr. Gonzalez, a psychiatrist, who diagnosed depressive and anxiety disorders causally related to the accident suffered some three months earlier.
On September 26, 1989, a hearing was held on Knight’s claim. Among others offering either live or deposition testimony, Dr. Gonzalez testified in accord with his previous diagnosis and opined that the claimant had not yet reached MMI for his psychiatric condition. On the following day, the JCC entered an order which, among other things, awarded claimant TTD benefits and assessed penalties against e/c. This appeal ensued.
We first address that portion of the JCC’s order awarding TTD benefits. We agree with e/c that such an award was erroneous. The decretal portion of the order required e/c “to [p]ay to the claimant temporary total disability benefits at the stipulated rate for the period 1/26/89 through the date of this order and for so long as the claimant remains so disabled.” Elsewhere in the order, claimant is deemed “TTD from a psychiatric standpoint.” The TTD award is improper because it is unsupported by evidence of claimant’s inability to return to work, and fails to take into account that claimant was continuously employed beginning mid-February 1989 and continuing until the time of the hearing on his claim.
Drs. Ibanez and Miles provided the only medical evidence of claimant’s condition at the beginning of the period covered by the TTD award. By January 26, 1989, Dr. Ibanez had released claimant without impairment or restrictions, and Dr. Miles had released him for light duty. Thus, all of the medical evidence established claimant’s ability to attempt some fairly substantial form of work. Consequently, it was error to award TTD benefits. See Tallahassee Coca Cola Bottling v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). The award is likewise inappropriate for the period dur *339 ing which claimant was earning money selling peanuts. See National T.V. Rental, Inc., v. Williams, 522 So.2d 909 (Fla. 1st DCA 1988); Pasco County v. Green, 382 So.2d 798 (Fla. 1st DCA 1980).
Because claimant requested TPD benefits, submitted appropriate forms, and established an entitlement to such benefits, we could, under the holdings of Shop & Go, Inc. v. Copeland, 549 So.2d 803 (Fla. 1st DCA 1989), and Jones Mahoney Corp. v. Hutto, 421 So.2d 703 (Fla. 1st DCA 1982), strike the TTD award and modify the order to award TPD benefits. However, we have concluded that e/c’s other meritorious point on appeal, i.e., the award of penalties, requires remand for clarification and deem it preferable for the JCC to address these issues consistent with this opinion.
The JCC awarded penalties based upon his finding that e/c failed to controvert the claim in the statutory manner. The only notices to controvert found in the record relate to claims for medical benefits. The claim of February 15, 1989, requesting TTD, TPD, medical care and the like, was apparently not controverted. Although the record contains no notices to controvert claimant’s wage loss forms, carrier’s representative testified during the hearing that the wage loss requests were timely controverted. Because the JCC’s award of penalties is based upon e/c’s failure to controvert the TTD claim, we find it necessary to remand to the JCC to determine whether e/c also failed to controvert the TPD claim.
Thus, as to the points addressed in this opinion we reverse and remand for further proceedings consistent herewith. As to the other points raised on appeal, we affirm.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SHIVERS, C.J., and JOANOS, J., concur.