BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Appellants argue that the JCC erred in: (1) awarding attendant care benefits for a period prior to claimant/ap-pellee’s request for such benefits; (2) awarding 16 hours per day of attendant care benefits for the three weeks following claimant’s surgery; (3) awarding six hours per week of attendant care benefits there *659 after since services provided were in the nature of household chores; and (4) in awarding attendant care benefits for a period of time not requested by claimant.
Claimant, a registered nurse, injured her back within the course of her employment on November 16, 1980. Subsequently, she underwent five surgical procedures, the last of which took place in April 1986. The employer and carrier (E/C) accepted her as permanently totally disabled in June 1988.
Claimant, on July 5, 1988, filed an amended claim for benefits seeking 24-hour-per-day attendant care benefits for the three-week period following her April 21, 1986 hospital discharge following surgery, and 12 hours per week of attendant care benefits from October 7, 1986 to the present. Appellants controverted the claim in its entirety and argued that claimant’s condition was not such that appellants either knew or should have known of claimant’s need for attendant care benefits.
Claimant testified that in April 1986, she underwent a surgical diskectomy and fusion, and was hospitalized seven days. She testified that following surgery, she was placed in a neck and back brace for three weeks; that during the three-week period following her discharge from the hospital, claimant was unable to attend to her personal needs or household tasks; that she needed assistance bathing, getting in and out of bed, walking, changing her dressings, and getting into and out of her brace; and that her husband performed these services, as well as household tasks.
Although claimant had not requested attendant care benefits from mid-May through October 7, 1986, claimant testified that during this period, her husband had performed various household services as a result of her inability to perform them. These services included such tasks as vacuuming, scrubbing, grocery shopping, laundry, and any other tasks which required lifting or bending. Appellants did not object to this testimony.
Claimant also testified that, from October 7, 1986 forward to the date of hearing, her husband had continued to perform household tasks requiring lifting or bending, although she had from this time forward been able to perform light household tasks. Specifically, claimant’s husband changed sheets, carried laundry, scrubbed bathtubs, washed windows, and vacuumed. According to claimant, her husband spent approximately six hours per week on such tasks. Prior to the accident, claimant performed all these tasks.
Dr. Bruce Fishbane, claimant’s orthopedic surgeon, testified that claimant needed approximately three weeks of attendant care following her April 21, 1986 hospital discharge. Through the rest of her postoperative course, claimant required assistance with household chores at least once per week. From October 7, 1986 forward, claimant did not require significant help with household chores until March 11, 1987, when she returned to him for treatment, suffering from recurrent back and sciatic pain. Dr. Fishbane opined that, from that date forward, claimant required help with household tasks approximately once per week. Dr. Fishbane advised claimant’s counsel of his opinions as to claimant’s need for household assistance by letter of June 9, 1988. Claimant’s counsel advised appellants of Dr. Fishbane’s opinions by letter of June 28, 1988.
In her compensation order, the JCC awarded claimant 16 hours per day of attendant care for the three weeks following her April 21, 1986 hospital discharge. Thereafter, the JCC awarded claimant six hours per week of attendant care. The JCC specifically rejected appellants’ contention that they were unaware of claimant’s need for attendant care prior to the filing of her claim and found that the nature of claimant’s condition was such that appellants either knew or should have known of claimant’s need for attendant care.
We turn, then, to the first issue and have little difficulty concluding that claimant’s condition during the three weeks after back surgery, including her confinement to a neck and back brace, was such as to put appellants on notice, of claimant’s need for attendant care. Favors v. Walgreen Company, 557 So.2d 951, 952 (Fla. 1st DCA 1990) (carrier’s authorization of *660 use of a wheelchair put carrier on notice of claimant’s possible need for attendant care). The record amply supports the JCC’s finding that appellants either knew or should have known of claimant’s need for attendant care. On the second issue, the award of 16 hours per day of attendant care during this period is also supported by the record, in that claimant and Dr. Fish-bane testified that claimant needed constant, on-call, attendant care during this three-week period. We therefore affirm as to the first two issues.
We must reverse, however, as to the third issue. We recognize that family members who provide attendant care consisting of personal services or who perform ordinary tasks requiring them to substantially depart from their ordinary routines are entitled to compensation because such services cannot be regarded as merely gratuitous. CATV Support Services, Inc. v. Lohr, 509 So.2d 1189, 1190-1192 (Fla. 1st DCA 1987); Walt Disney World Company v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983). The general rule, however, is that ordinary household duties performed by a family member are not compensable attendant care. Barkett Computer Service v. Santana, 568 So.2d 520, 521 (Fla. 1st DCA 1990). Claimant’s testimony makes clear that the services provided by her husband following her initial three weeks of convalescence consisted entirely of ordinary household tasks. The extent of the imposition on claimant’s husband’s life does not warrant an attendant care award.[1] Compare Lohr and Walt Disney with Santana.
Affirmed in part; reversed in part.
ZEHMER and WOLF, JJ., concur.

. This disposition of the third issue encompasses the time period involved in the fourth issue, and it is unnecessary to rule on the fourth issue.