PER CURIAM.
This case is before us on appeal from an order of the judge of compensation claims awarding claimant, inter alia, attendant care and temporary total disability (TTD) benefits. The employer and carrier (E/C) raise two issues: (1) whether the award of attendant care benefits provided by claimant’s husband, mother, and mother-in-law were extraordinary, medically-necessary, and based on competent, substantial evidence; and (2) whether the JCC erred in awarding TTD benefits during a period in which the claimant was able to work. We affirm in part, reverse in part, and remand for further proceedings.
Claimant Carol Lynn Howard suffered an industrial accident on April 18, 1990, when she fell backwards in her chair while working for employer Soverel Harbor Inc. Claimant struck the back of her head on a credenza and was subsequently diagnosed as having a basal skull fracture with spinal fluid leak. Following her release from the hospital on April 23, 1990, claimant was given care and assistance by her husband, mother, ■ and mother-in-law. In October of 1991, claimant’s recovery progressed enough for her to work at a local business four or five times on alternating Saturdays for four hours. Her duties included answering phones and filing. Claimant testified she was physically able to perform the work and would have continued working had the job not ended.
On October 21,1991, claimant filed a claim for benefits seeking, inter alia, attendant care benefits from the date of her injury and TTD benefits from September 27,1991. The E/C controverted claimant’s claims, and a hearing was held on March 11, 1992. In an order dated June 15,1992, the JCC awarded claimant TTD benefits from September 27, 1991, through the date of the final hearing. The JCC also awarded attendant care benefits at minimum wage for the number of hours of care given by claimant’s husband from April 23, 1990 through October 18, 1991; by claimant’s mother from April 23, 1990 through May 30, 1990; and by claimant’s mother-in-law from June 1, 1990 through August 31,1990, excluding ten days. This appeal followed.
There is competent, substantial medical and lay evidence supporting the JCC’s finding that claimant required nonskilled attendant care during the periods in question. See Walt Disney World Co. v. Harrison, 443 So.2d 389, 392 (Fla. 1st DCA 1983); Allied *300 Discount Tires v. Cook, 587 So.2d 626, 628 (Fla. 1st DCA 1991); see also C.J. Lagenfelder v. Regina, 601 So.2d 1279 (Fla. 1st DCA 1992). Doctors Goodman, Udehn, and Tuch-man all recommended in varying degrees that claimant have some type of assistance for the month following the accident. Dr. Udehn farther testified that- such assistance should have been extended until December of 1991, although the hours needed would be less. Additionally, claimant testified that her symptoms caused her to be confined to her couch at least until the end of September 1990. We conclude that competent, substantial evidence supports the award of at least some attendant care benefits.
As to the specific awards, there is competent, substantial evidence to support the finding that from April 23, 1990 to April 30, 1990, necessary attendant care services were performed by claimant’s husband. During this period, Mr. Howard’s services included not only household chores, but taking claimant to the doctor, bathing her, and helping her to the bathroom.- We find these services are beyond those normally provided by a family member and affirm the award of benefits during this period. See Walt Disney World, supra; Doctors Hospital v. Billings, 591 So.2d 658 (Fla. 1st DCA 1991); and Barkett Computer Service v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990). However, Mr. Howard’s performance of household chores, i.e., cleaning, cooking, laundry, etc., after April 30, 1990, does not fall within the exceptions of the general rule that ordinary household chores are noncompensable. Walt Disney World, supra; § 440.13(2)(d), Fla. Stat. (1989); Doctors Hospital v. Billings, supra. The record indicates that such chores did not require a substantial departure from his daily routine and were not extraordinary in nature. Therefore, we reverse that part of the order awarding payment for husband’s services for the period after April 30, 1990.
As to claimant’s mother and mother-in-law, we affirm that portion of the order awarding benefits relating to their services because there is competent, substantial evidence indicating that both women substantially departed from their usual daily routine to assist claimant during the periods for which benefits were awarded. See Walt Disney World, 443 So.2d at 393.
As to the award of TTD benefits from September 27, 1991, we must reverse. TTD is the healing period or time during which the claimant is, due to her injury, unable to work and totally disabled, and recovery is reasonably expected. Concorde Realty Corp. v. Romano, 159 Fla. 1, 30 So.2d 495, 496 (1947). By her own testimony, claimant had.the ability to work and did work, albeit sparingly, for a period between October and December of 1991. It is illogical to conclude that claimant was totally disabled during a period when the evidence shows she could and did work. Standard Construction & Assoc, v. Kinsler, 394 So.2d 1083 (Fla. 1st DCA 1981).
In sum, we reverse that portion of the order awarding attendant care benefits to the husband after April 30, 1990. We also reverse that portion awarding claimant TTD benefits, and remand for the JCC to determine at which point in time claimant became able to work. If necessary, the. JCC may award temporary partial disability. All other aspects of the JCC’s order are affirmed.
BOOTH, SMITH and WEBSTER, JJ., concur.