PER CURIAM.
This appeal arises from an order of the judge of compensation claims (JCC) awarding claimant, Johnnie Grier, her daughters and her boyfriend past and future attendant care benefits. We hold there is competent, substantial evidence to support the JCC’s award of attendant care benefits during claimant’s “crisis periods.” However, we find no competent, substantial evidence to support the award of attendant care during non-crisis periods.
The majority of tasks performed by claimant’s daughters, i.e., cooking and cleaning, are not those going beyond the scope of duties performed gratuitously by a family member. § 440.13(2)(g), Fla.Stat. (1991); Doctors Hospital v. Billings, 591 So.2d 658 (Fla. 1st DCA 1991); Barkett Computer Service v. Santana, 568 So.2d 520 (Fla. 1st DCA 1990); Walt Disney World Co. v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983). The other tasks performed by claimant’s daughters, although extraordinary in nature, are not compensable in this case because Dr. Jacome did not testify that claimant needed assistance with such tasks. § 440.13(2)(g), Fla.Stat. (1991). Dr. Jacome stated that claimant only needed assistance with housekeeping and driving.
As to Mr. Gerald, he performed tasks such as administering medication, helping claimant to the bathroom, preparing lunch, giving claimant leg and back massages, and retriev *806 ing drinks. Although these tasks appear to be of a type normally compensable as attendant care, again, Dr. Jacome did not specify that claimant required assistance for these tasks. § 440.13(2)(g), Fla.Stat. Further, driving claimant to her mother’s home and driving claimant’s daughters to the store are not compensable under section 440.13(2)(a). Marlowe v. Dogs Only Grooming, 589 So.2d 990 (Fla. 1st DCA 1991) (supportive services such as driving claimant to the store and other places, other than transportation necessary for medical treatment pursuant to section 440.13(6), constitute quality of life activities indemnified under disability compensation benefits rather than attendant care service that is medically necessary); Timothy Bowser Construction Co. v. Kowalski, 605 So.2d 885 (Fla. 1st DCA 1992). Therefore, the award of past and future attendant care benefits during non-crisis periods is reversed. All other aspects of the JCC’s order are affirmed.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.