PER CURIAM.
In this workers’ compensation case, the employer seeks review of an order awarding an attorney fee to the claimant’s attorney pursuant to section 440.34(3)(c), Florida Statutes (1987). The employer argues that the award must be reversed because that statute permits such an award only when the “carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on th[at] issue,” and in this case the employer never denied compensability. See e.g., Teitelbaum Concrete v. Sandelier, 506 So.2d 1122 (Fla. 1st DCA 1987) (attorney fees are not available pursuant to section 440.34(3)(c) when the employer and carrier have accepted an accident as com-pensable and voluntarily paid some benefits). The claimant concedes that an award may not be sustained pursuant to section 440.34(3)(c). However, she argues that an award may be sustained pursuant to section 440.34(3)(b). She notes that her motion was based only on that paragraph of the section, and that the citation to paragraph (c) in the order appears to have been merely a scrivener’s error. There is some support in the hearing transcript for such a position. Nevertheless, we must still reverse because the order was not preceded by a separate hearing addressing the issue of bad faith and does not contain “specific findings of fact” on the issue of bad faith, as required by section 440.34(3)(b). See, e.g., Shop & Go, Inc. v. Copeland, 549 So.2d 803 (Fla. 1st DCA 1989) (reversing an attorney fee award because section 440.34(3)(b) requires that a separate fact-finding hearing on the issue of bad faith be held before an award may be made); Baron Transport v. Riley, 526 So.2d 1028 (Fla. 1st DCA 1988) (reversing an attorney fee award because section 440.34(3)(b) requires that the order awarding a fee contain findings of fact on the issue of bad faith). The order awarding an attorney fee is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
BARFIELD, C.J., WEBSTER and BENTON, JJ„ CONCUR.